IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| DR. RANDALL EUGENE BROOKS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:15-CV-528-O |
| | § | |
| WILLIAM STEPHENS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## OPINION AND ORDER

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed

by Petitioner, Dr. Randall Eugene Brooks, a state prisoner confined in the Correctional Institutions

Division of the Texas Department of Criminal Justice (TDCJ), against William Stephens, Director

of TDCJ, Respondent. After considering the pleadings and relief sought by Petitioner, the Court has

concluded that the petition should be dismissed as time-barred.

## I. BACKGROUND

The facts of the case, as set forth by the Second Court of Appeals of Texas are as follows:

> On September 24, 1989, Jane was subjected to a two hour brutal sexual
> assault in which she was beaten, raped, sodomized, and robbed. Jane was unable to
> identify appellant because of her mental state and the darkness of her bedroom,
> although she did give a general description of her assailant. Her assailant,
> circumstantially proven to be appellant, left Jane bound and stole her car, $94 in cash,
> a black leather belt, and a pistol. Appellant was found in Oklahoma City driving
> Jane's car with the pistol under the front seat.

Adm. R., Op. 2, ECF No. 22-3.

Stemming from the incident, on March 14, 1991, in the Criminal District Court Number Four

of Tarrant County, Texas, Case No. 0386824D, a jury found Petitioner guilty of aggravated sexual

assault with a deadly weapon, a firearm and a knife, and sentenced him to life imprisonment. Admin. R., Tr. 158, ECF No. 22-16. On October 21, 1993, in the 213th District Court of Tarrant County, Texas, Case No. 0433909R, a jury found Petitioner guilty of burglary of a habitation with a deadly weapon, a firearm and a knife, and assessed his punishment at 99 years' imprisonment. The latter sentence was ordered to run consecutively to his life sentence. *Id.,* Tr. 85, ECF No. 12-13. On appeal, the Second District Court of Appeals of Texas affirmed the judgment of conviction in Case No. 0386824D and, on September 30, 1992, the Texas Court of Criminal Appeals refused Petitioner's petition for discretionary review. *Id.,* Docket Sheet, ECF No. 22-2. Similarly, on appeal, the Second District Court of Appeals of Texas affirmed the judgment of conviction in Case No. 0433909R and, after being granted permission to file an out-of-time petition for discretionary review, the Texas Court of Criminal Appeals refused Petitioner's petition for discretionary review on July 31, 1996.[1] *Id.,* Docket Sheet, ECF No. 23-2.

Petitioner also sought state postconviction relief. Relevant to his conviction in Case No. 0386824D for aggravated sexual assault, Petitioner filed a state habeas application on July 24, 1997, which was denied by the Texas Court of Criminal Appeals on September 24, 1997, without written order.[2] *Id.,* WR-15,815-04 cover & 1, ECF No. 24-27. Relevant to his conviction in Case No. 0433909R for burglary of a habitation, Petitioner filed a state habeas application on January 8, 2014, which was denied on August 6, 2014, by the Texas Court of Criminal Appeals on the findings of the

---

[1]Petitioner was granted permission to file an out-of-time petition for discretionary review in his state habeas application no. 15,815-03. Adm. R., WR-15,815-03 cover, ECF No. 24-26. The out-of-time petition was filed on June 20, 1996, and refused on July 31, 1996. *Id.*, Docket Sheet, ECF No. 23-2.

[2]A prisoner's pro se state habeas application is deemed filed when placed in the prison mailing system. *Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013). However, Petitioner's state-habeas applications do not state the date he placed the documents in the prison mailing system. Thus, Petitioner is not given the benefit of the prison mailbox rule.

trial court without written order. *Id.,* WR-15,815-06 2 & "Action Taken," ECF nos. 24-32 & -33.

Additionally, on or about December 7, 2013, Petitioner filed a motion for DNA testing under

Chapter 64 of the Texas Code of Criminal Procedure in the trial court. The court denied the motion,

and, on June 4, 2015, the denial was affirmed on appeal. *Brooks v. State,* No. 02-14-00149-CR, 2015

WL 3523950 (Tex. App.–Fort Worth June 4, 2015). This federal petition for federal habeas relief

was filed on July 20, 2015.[3] Pet. cover & 10, ECF No. 1.

Petitioner raises the following grounds for relief:

(1) "The Court recommended the denial of the Applicant's false testimony claim because testimonial discrepancy complaints are not cognizable on writ of habeas corpus.

(2) "There was no evidence introduced at trial to support the alleged sexually assault, and newly discovered evidence is exculpatory evidence.

(3) "The Petitioner is actually innocent of the charged offenses.

(4) "The Petitioner claims that his rights to due process was violated with the withholding of the fingerprint examination of the Fort Worth Police Dept.

(5) "Trial counsel was ineffective."

*Id.* 6-7; Pet'r's Mem. 5-14, ECF No. 2. Petitioner requests the Court find that he is actually innocent

of both offenses or, in the alternative, grant him a new trial. Pet. 7, ECF No. 1.

Respondent contends the petition is untimely under the federal statute of limitations. Resp't's

Answer 5-11, ECF No. 19. Petitioner asserts "the evidentiary matters were not personally available

to the Petitioner through due diligence on his part. This is an actually innocent petition." Pet. 9, ECF

---

[3]Likewise, a petitioner's pro se federal habeas petition is deemed filed when placed in the prison mailing system. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998). Although the petition purports that Petitioner placed the document in the prison mailing system on June 12, 2015, it was not recieved by the clerk of Court until July 20, 2015, over a month later. Pet. 1, 10, ECF No. 1. Petitioner does not explain the delay; thus, he is not given the benefit of the prison mailbox rule.

1.

## II.  LEGAL DISCUSSION

### A.  Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA), effective April 24, 1996, imposes a one-year statute of limitations for filing a petition for federal habeas corpus relief. Section 2244(d) provides:

> (1)  A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitations period shall run from the latest of–

>> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

>> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

>> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

Petitioners attacking convictions which became final before the AEDPA's effective date have one year from the effective date of the Act, or until April 24, 1997, to file a federal habeas corpus action. *Flanagan v. Johnson*, 154 F.3d 196, 200 (5th Cir. 1998); *United States v. Flores*, 135 F.3d

1000, 1006 (5th Cir. 1998).

Petitioner's grounds two through five involve matters relevant to his trials, thus he should have known of the basis of his claims at or near the time of trial. Under subsection (A), applicable to such claims, the limitations period began to run on the date on which the judgment of conviction became final by the conclusion of direct review or, as in this case, the expiration of the time for seeking direct review. For purposes of this provision, the trial court's judgment of conviction in Case No. 0386824D for aggravated sexual assault became final upon expiration of the time that Petitioner had for filing a petition for writ of certiorari in the United States Supreme Court on December 29, 1992, prior to the effective date of the AEDPA. Sup. Ct. R. 13.1. Thus, Petitioner's federal petition as to Case No. 0386824D was due on or before April 24, 1997, absent any tolling. For purposes of the provision, the trial court's judgment of conviction in Case No. 0433909R for burglary of a habitation became final upon expiration of the time that Petitioner had for filing a petition for writ of certiorari in the United States Supreme Court on October 29, 1996. *See Jimenez v. Quarterman,* 555 U.S. 113, 119 (2009). Thus, Petitioner's federal petition as to Case No. 0433909R was due on or before October 29, 1997, absent any tolling.

Petitioner's state habeas application challenging his aggravated sexual assault conviction, filed on July 24, 1997, after the limitations period had already expired, did not operate to toll limitations under the statute. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Petitioner's state habeas application challenging his burglary of a habitation conviction, filed on January 8, 2014, after the limitations period had already expired, did not operate to toll limitations under the statute. Similarly, Petitioner's motion for DNA testing, filed after limitations had already expired, did not operate to toll limitations under the statute. *Hutson v. Quarterman,* 508 F.3d 236, 240 (5th Cir. 2010)

5

(holding a timely "motion for DNA testing operates as a tolling mechanism").

Nor has Petitioner demonstrated that he is entitled to tolling as a matter of equity. Equitable tolling is permitted only in rare and exceptional circumstances when an extraordinary factor beyond the petitioner's control prevents him from filing in a timely manner or he can prove that he is actually innocent of the crime for which he was convicted. *McQuiggin v. Perkins*, — U.S. —, 133 S. Ct. 1924, 1928 (2013); *Holland v. Florida*, 560 U.S. 631 , 649 (2010). There is no evidence in the record that Petitioner was prevented in some extraordinary way from asserting his rights in state or federal court, and he presents no new evidence to meet the actual innocence exception. Petitioner asserts the state withheld "new evidence" of his innocence consisting of–

    (a)    the identity of the person whose latent fingerprint was lifted from a drinking glass at the scene;

    (b)    the sexual assault kit semen specimen and the FBI's DNA test results conducted in 1989; and

    (c)    the handwritten page from assistant DA Alpert's work-product file with the entry: "main piece of evidence–media," indicating the police and the state improperly relied upon two 1989 newspaper articles to prosecute him.

Pet'r's Traverse 1-2, ECF No. 27.

Petitioner also asserts his delay was the result of ineffective assistance of his trial counsel who allowed DA Alpert to withhold or hide the semen specimen serology test results of the Fort Worth crime lab and the FBI's DNA test results. *Id.* at 5. The state habeas court entered findings, which were later adopted by the Texas Court of Criminal Appeals, refuting Petitioner's claims, including findings that the alleged "new evidence" was known to Petitioner and his counsel at the time of his trials, was not newly discovered, and did not "unquestionably establish" Petitioner's innocence. Adm. R., WR-15,815-06 Writ 116-39, ECF No. 24-33. Absent clear and convincing

evidence in rebuttal, this Court must defer to the state courts' findings.

Accordingly, Petitioner's federal petition as to Case No. 0386824D was due on or before April 24, 1997 and as to Case No. 0433909R was due on or before October 29, 1997. His petition filed on July 20, 2015, is therefore untimely as to grounds two through five.

**B.  State Habeas Proceeding**

Under his first ground, Petitioner complains of the state habeas court's resolution of his "false testimony" claim. Petitioner claimed the state knowing and deliberately used perjured testimony by "coaxing" the victim to testify falsely. *Id.* at 9. In recommending that the claim be denied, the state habeas court found–

1.    The applicant bases this false testimony claim on inconsistencies in P.T.'s testimony regarding the duration of the sexual assault, and about threats and medication.

2.    These "inconsistencies" come from Ms. T___'s trial testimony where she was subject to cross-examination by the applicant's attorneys.

And, concluded that–

1.    Discrepancies in witness testimony are a matter for the jury to resolve in its role as exclusive judge of the credibility of witnesses and of the weight to be given their testimony.

2.    Any discrepancy in Ms. T___'s testimony was a matter for the jury to resolve.

3.    Discrepancies in witness testimony are not a cognizable issue on writ of habeas corpus.

*Id.* at 127-28 (citations omitted).

Assuming, without deciding, that the claim was not procedurally defaulted, the state court's determination of the claim comports with federal law on the issue. To the extent that there were inconsistencies in the victim's testimony or between her testimony and the testimony of other state

witnesses, it was up to the jury to determine the weight to be given the evidence and to determine matters of credibility. The jury is the exclusive judge of the credibility of the witnesses and of the weight to be given testimony. *Jackson v. Virginia,* 443 U.S. 307, 319 (1979); *Koch v. Puckett,* 907 F.2d 524, 531 (5th Cir. 1990). Further, minor inconsistencies in testimony by state witnesses do not rise to the level of perjury, let alone prove that the state knowingly used perjury. *Koch,* 907 F.2d at 531; *Overton v. United States,* 450 F.2d 919, 920 (5th Cir. 1971).

## III. CONCLUSION

For the reasons discussed herein, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DISMISSED** as time-barred as to grounds two, three, four and five and **DENIED** as to ground one. Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed here, a certificate of appealability is **DENIED**. All motions not previously ruled upon are **DENIED.**

**SO ORDERED** on this 25th day of April, 2016.


Reed O'Connor
UNITED STATES DISTRICT JUDGE

8